```
               UNITED STATES DISTRICT COURT
                  DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| KRZYSZOF KOSZELNIK,<br><br>    Petitioner,<br><br>    v.<br><br>SECRETARY OF DEPARTMENT OF<br>HOMELAND SECURITY, et al.,<br><br>    Respondents. | HONORABLE JOSEPH E. IRENAS<br><br>CIV. ACTION NO. 13-cv-6711<br>      (JEI/AMD)<br><br>**OPINION** |

**APPEARANCES**:

LAW OFFICES OF JOHN KUHN BLEIMAIER
By: John Kuhn Bleimaier, Esq.
15 Witherspoon Street
Princeton, New Jersey 08542
      Counsel for Petitioner

U.S. DEPARTMENT OF JUSTICE, OFFICE OF IMMIGRATION LITIGATION
By: Neelam Ihsanullah, Esq.
P.O. Box 868
Ben Franklin Station
Washington, D.C. 20044
      Counsel for Respondents


**IRENAS**, Senior United States District Judge:

    Petitioner Krzyszof Koszelnik, a Polish citizen, seeks judicial review of the United States Citizenship and Immigration Services' ("USCIS") denial of his naturalization application.[1]

---

[1] The Court exercises subject matter jurisdiction pursuant to INA 310(c), 8 U.S.C. § 1421(c)("A person whose application for naturalization under this title is denied, after a hearing before an immigration officer under § 336(a), may seek review of such denial before the United States district court for the district in which such person resides in accordance with chapter 7 of title 5, United States Code.").

Respondent ("the Government") moves for summary judgment, asserting that the decision was correct. The Court agrees and therefore will grant the Government's motion.

**I.**

The material facts and procedural history are undisputed.

In September, 1984, "during a period of martial law in Poland, during the communist government crackdown on the pro-democracy Solidarity movement," (Koszelnik Aff. ¶ 2), Petitioner came to the United States as a B-2 non-immigrant visitor for pleasure. He overstayed his tourist visa.

On November 25, 1985, the INS charged Petitioner with being deportable for remaining in the United States longer than permitted. (Respondents' Ex. A) At this time, Petitioner was assigned an "A-number."[2]

Petitioner proceeded through the usual legal process, appearing before an Immigration Judge, who denied Petitioner's application for relief from deportation, found Petitioner deportable, and granted him voluntary departure. (Respondents' Ex. B)

---

[2] An A-number is a unique identifier that was assigned by the INS to an individual who has a pending enforcement action or who has applied for an immigration benefit, such as permanent resident status.

The Board of Immigration Appeals subsequently dismissed Petitioner's appeal of the IJ's decision.

Petitioner failed to voluntarily depart, and the voluntary departure order became a final deportation order by operation of law.  Although Petitioner states that he was not aware that a deportation order had been issued against him, and the Government admits that the formal Warrant of Deportation "may have been 'returned to sender,'" (Moving Brief, p. 3 fn. 1), Petitioner does not dispute that he was informed through a translator at his hearing before the IJ that if he failed to voluntarily depart that he would be deported.

Petitioner never left the United States, and subsequently applied for a diversity visa through the State Department's lottery program.

In 1994, in connection with his application for a diversity visa and adjustment of status, Petitioner filed the requisite form with the INS (Respondents' Ex. D) but failed to include his prior A-number.  In response to the question, "Have you ever been deported from the U.S., or removed from the U.S. at government expense, excluded within the past year, or are you now in exclusion or deportation proceedings?" Petitioner answered, "no." (Id.)

INS, unaware at the time, of Petitioner's prior deportation proceeding, issued Petitioner a new A-number.  On May 3, 1995, the

INS approved Petitioner's application and granted him permanent resident status. (Respondents' Ex. E)  It is undisputed that because of the prior order of deportation, Petitioner was not actually eligible for permanent resident status, and that granting him such status was an error.

On February 27, 2012, Petitioner filed an Application for Naturalization with USCIS. (Respondents' Ex. F)  Again, Petitioner failed to provide his original A-number; only listing his second A-number.  Petitioner answered "no" to all of the following questions:

> Have you ever given false or misleading information to any U.S. Government official while applying for any immigration benefit or to prevent deportation, exclusion, or removal?
>
> Are removal, exclusion, rescission, or deportation proceedings pending against you?
>
> Have you ever been removed, excluded or deported from the United States?
>
> Have you ever been ordered removed, excluded, or deported from the United States?
>
> Have you ever applied for any kind of relief from removal, exclusion, or deportation?

(Id.)

Sometime thereafter, USCIS discovered its mistake and denied Petitioner's naturalization application on September 15, 2012. (Respondents' Ex. G)  USCIS concluded that Petitioner was ineligible to naturalize because he had not been *lawfully* admitted

for permanent residence as required by 8 U.S.C. § 1429, citing Petitioner's failure to disclose both his prior order of removal and his original A-number, as the reasons for denial.

Petitioner pursued the administrative appeal of that decision.  The appeal was denied on July 10, 2013.

This suit followed.  As stated previously, the Government moves for summary judgment.

## II.

Federal Rule of Civil Procedure 56(c) provides that summary judgment should be granted if "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *See also, Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In deciding a motion for summary judgment, the court must construe all facts and inferences in the light most favorable to the nonmoving party.  *See Boyle v. Allegheny Pennsylvania*, 139 F.3d 386, 393 (3d Cir. 1998).  The moving party bears the burden of establishing that no genuine issue of material fact remains.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  A fact is material only if it will affect the outcome of a lawsuit under the applicable law, and a dispute of a material fact is genuine if the evidence is such that a reasonable fact

5

finder could return a verdict for the nonmoving party.  *See Anderson*, 477 U.S. at 252.

### III.

USCIS denial of an application for naturalization is reviewed *de novo*. 8 U.S.C. § 1421(c).  Under § 1421(c), the district court is required to "make its own findings of fact and conclusions of law."  *Abulkhair v. Bush*, 413 F. App'x 502, 508 (3d Cir. 2011).

Given the compelling government interest in granting only qualified persons citizenship, "there must be strict compliance with all the congressionally imposed prerequisites to the acquisition of citizenship."  *Fedorenko v. United States*, 449 U.S. 490, 506 (1981).  "[N]o alien has the slightest right to naturalization unless all statutory requirements are complied with."  *Id.* at 522 (quoting *United States v. Ginsberg*, 243 U.S. 472, 475 (1917)).

It is "universally accepted that the burden is on the alien applicant to show his eligibility for citizenship in every respect."  *Berenyi v. Dist. Dir., INS*, 385 U.S. 630, 637 (1967); *See also* 8 U.S.C. § 1429 ("[T]he burden of proof shall be upon such person [seeking naturalization] to show that they entered the United States lawfully."); 8 C.F.R. § 316.2(b) ("The applicant shall bear the burden of establishing by a preponderance of the

evidence that he or she meets all of the requirements for naturalization").

Here, Petitioner cannot prove that he was lawfully admitted to permanent resident status as required by 8 U.S.C. § 1427(a). The undisputed evidence demonstrates that he was admitted to permanent resident status by mistake, and that he was not substantively eligible for that status by virtue of the prior deportation order.

Nonetheless, Petitioner, mainly relying on the undisputed fact that the Government now cannot revoke Petitioner's permanent resident status[3], and notions of equity, argues that he should be granted naturalization. The Court disagrees.

First, Petitioner was not lawfully admitted to permanent resident status, therefore, he simply fails to meet the statutory criteria for admission to citizenship. In order to be naturalized, an applicant (1) *after being lawfully admitted for permanent residence*, must have resided continuously in the U.S. for at least five years prior to the date of application, (2) resided continuously in the U.S. from the date of application up to the time of admission of citizenship and (3) during these time periods been a person of good moral character. 8 U.S.C. § 1427(a).

---

[3] The Government concedes that the statute of limitations for filing a removal proceeding has passed. (Moving Brief, p. 18 fn. 3)

Second, as the Government correctly observes, the fact that Petitioner cannot be removed from the United States is a completely separate issue from whether he should be affirmatively granted citizenship.  Petitioner cites no legal authority for his argument that the expiration of the statute of limitations for removal proceedings operates to transform an unlawfully obtained[4] permanent resident status to a lawfully obtained permanent resident status.

Third, in this Court's view, the equities do not weigh in Petitioner's favor.  Petitioner should have been deported approximately 15 years ago.  Instead, he remained in the United States and has since benefitted from the Government's (1) mistake in granting him permanent resident status and (2) failure to discover its mistake in time to remove Petitioner.  Thus, Petitioner is now legally permitted to stay in the United States indefinitely.  That Petitioner cannot obtain citizenship hardly seems unfair under such circumstances.

Accordingly, the Court holds that Petitioner is not entitled to naturalization.

---

[4]  The Court makes no finding on whether Petitioner's permanent resident status was obtained by fraud or other wrongdoing.  The Court uses "unlawful" merely to denote what the parties do not dispute-- Petitioner was never lawfully entitled to permanent resident status.

**IV.**

For the reasons set forth above, Respondents' Motion for Summary Judgment will be granted.  An appropriate Order accompanies this Opinion.


Dated:  November 18, 2014            s/ Joseph E. Irenas_____
                                    **Joseph E. Irenas, S.U.S.D.J.**